UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD, Warden, California State Prison-Solano,<br><br>　　　　Respondent. | No. 1:16-cv-01142-SKO  HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

### SCREENING ORDER

Petitioner, Steve Fegan, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The petition (1) requests that the Court order the California Department of Corrections and Rehabilitation to grant him a parole hearing, and (2) repeats his previously submitted claim that the evidence concerning his head injuries presented in his trial violated his rights to due process and assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Because the District Court lacks jurisdiction over both claims, it dismisses the petition for writ of habeas corpus.

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

I.   **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

II.   **Court Lacks Jurisdiction to Order a Parole Hearing**

In his first claim for relief, Petitioner asks this Court to order the CDCR to grant him a parole hearing as an elderly inmate who has served over twenty-five years of his sentence. Petitioner has not exhausted his state remedies regarding this claim. The petition contends only that Petitioner has fully pursued his administrative remedies.

A petitioner who is in state custody and wishes to collaterally challenge his incarceration by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

2

highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). In this case, claim one does not assert any constitutional claim to a parole hearing under the provisions of the California state program for early parole of inmates over sixty years of age. He claims only that the parole board erred in denying his claim as untimely. As such, Petitioner has not only failed to exhaust his administrative remedies, but he has also failed to assert a constitutional claim.

### III. **Court Lacks Jurisdiction Over Petitioner's Second or Successive Claim**

The second claim contends that Petitioner's rights to due process and assistance of counsel were violated by insufficient evidence of Petitioner's impaired reasoning, judgment, and decision making as a result of a head injury. Petitioner has challenged the same conviction, specifically including this claim, in many prior petitions. *See, e.g., Fegan v. Frauenheim* (1:14-cv-01022-AWI-SMS HC); *Fegan v. Brazelton* (1:14-cv-00967-JLT HC); *Fegan v. Warden* (1:11-cv-01863-LJO-JLT HC); *Fegan v. Warden, California State Prison* (1:10-cv-01690-AWI-JLT HC); *Fegan v. Warden, Corcoran State Prison* (1:08-cv-01373-JLT HC); *Fegan v. California* (1:08-cv-01140-DLB HC); *Fegan v. Scribner, Warden* (1:06-cv-00531-OWW-DLB HC); and *Fegan v. Roe* (1:99-cv-06427-OWW-LJO HC).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss it as a second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

### IV.     Conclusion and Order

The petition for writ of habeas corpus is hereby DISMISSED. The Clerk of Court is directed to enter judgment for Respondent.

IT IS SO ORDERED.

Dated:     **August 30, 2016**                             /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE